# EXHIBIT A

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF BERKELEY**<br><br>Kristin Mazzell, Sharon Shuler and George Winningham,<br><br>Plaintiffs,<br><br>v.<br><br>George Oliver Berkeley County Coroner and Berkeley County,<br><br>Defendants. | **IN THE COURT OF COMMON PLEAS**<br>**FOR THE NINTH JUDICIAL CIRCUIT**<br><br>CASE No. 2020-CP-_____<br><br><br>**SUMMONS** |

**TO THE DEFENDANTS NAMED ABOVE:**

George Oliver
Berkeley County Coroner
102 Gulledge Street
Moncks Corner, SC 29461

Berkeley County
R/A John O Williams
County Attorney
1003 US Highway 52
Moncks Corner, SC 29461

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

s/Marybeth Mullaney
Marybeth Mullaney (SC Bar No. 66585)
652 Rutledge Ave, Suite A
Charleston, SC 29403
P: (843) 588-5587
F: (843) 593-9334
marybeth@mullaneylaw.net
*Attorney for Plaintiffs*

October 12, 2020

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

2

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BERKELEY | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT |
| | CASE No. 2020-CP-_____ |
| Kristin Mazzell, Sharon Shuler and George Winningham,<br><br>Plaintiffs,<br><br>v.<br><br>George Oliver Berkeley County Coroner and Berkeley County,<br><br>Defendants. | COMPLAINT<br>(Jury Trial Requested) |

Plaintiffs Kristin Mazzell, ("Ms. Mazzell") Sharon Shuler ("Ms. Shuler") and George Winningham ("Mr. Winningham") (collectively "Plaintiffs") file this Complaint against Defendant George Oliver, Berkeley County Coroner ("Coroner") and Berkeley County ("County") (collectively "Defendants") through their undersigned attorney, respectfully alleges unto this Honorable Court as follows:

**NATURE OF CLAIM**

1. Plaintiffs bring claims for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann § 41-10-10, *et seq*.

2. Plaintiffs also bring common law claims of breach of contract and unjust enrichment.

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

## PARTIES AND JURISDICTION

3. Defendant County is a local government, which consists of numerous agencies and is located within the State of South Carolina. The County is a governmental agency responsible for funding and providing facilities and equipment to the Coroner.

4. The Coroner is an elected official, who oversees a staff of Deputy Coroners that investigate violent, sudden or suspicious deaths within the County.

5. Ms. Mazzell is a citizen and resident of Berkeley County, South Carolina and at all times relevant to this complaint was employed jointly by the Coroner and the County.

6. Ms. Shuler is a citizen and resident of Berkeley South Carolina and at all times relevant to this complaint was employed jointly by the Coroner and the County.

7. Mr. Winningham is a citizen and resident of Berkeley South Carolina and at all times relevant to this complaint was employed jointly by the Coroner and the County.

8. The Plaintiffs resides within the State of South Carolina, owns property within the State of South Carolina and in Berkeley County and has suffered compensatory damages within the State of South Carolina and in Berkeley County.

9. The Defendants are subject to the jurisdiction of this Court in that Defendant transacted and continues to transact business in this state and in Berkeley County and was under contract to be performed with Plaintiffs in Berkeley County, and has committed violations of the South Carolina Payment of Wages in Berkeley County.

10. The Coroner and the County are "employers" of Plaintiffs, as that term is defined by the South Carolina Payment of Wages Act, S.C Code Ann § 41-10-10 (1).

## FACTS

11. At the inception of the Plaintiffs' employment, the County and the Coroner specifically promised that they would pay Plaintiffs an hourly rate for <u>all</u> hours worked.

12. The County and Coroner established a pay policy agreeing to pay Deputy Coroners an hourly rate for all hours worked. Defendants advertised this pay policy and it became Plaintiffs employment agreement once Plaintiffs accepted the Defendants' offer of employment and started to work for Defendants.

13. George Oliver was elected Berkeley County Coroner on December 31, 2018, his term expires on December 31, 2022.

14. Pursuant to SC Code Ann § 17-5-70, the Coroner appoints Deputy Coroners. Before the appointment a deputy coroner is approved by the judge of the circuit or by any circuit judge presiding therein, and must take and subscribe the oath prescribed by the constitution. When sworn, a deputy coroner may do and perform any or all the duties appertaining to the office of the coroner.

15. At all times relevant to this complaint, Plaintiffs were duly sworn Deputy Coroners in Berkeley County.

16. Plaintiffs were required to attend coroner school and obtain certification from the South Carolina Justice Academy Coroner Certification within the first year of employment.

17. Plaintiff Mazzell was employed by the Defendants as a Deputy Coroner from March 2011 until July of 2020. Plaintiff was paid an hourly rate.

18. Ms. Shuler was employed by the Defendants as a Deputy Coroner from January 2019 until February of 2020. Plaintiff was paid an hourly rate.

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

19. Mr. Winningham was employed by the Defendants as a Deputy Coroner from September 2019 until August of 2020. Plaintiff was paid an hourly rate.

20. Plaintiffs worked for Defendants with the clear understanding and agreement by Defendants that their compensation would be consistent with all applicable state and local laws as well as South Carolina common law.

21. Plaintiffs had an employment agreement with the Defendants, whereby the Defendants agreed to pay Plaintiffs for all hours worked.

22. During Plaintiffs' employment, the wages of a Deputy Coroner ranged from $17.76 to $20.42 an hour.

23. The Plaintiffs had an employment agreement with the Defendants that their normal work schedule was thirty-seven and one half (37 ½) hours per week and they would be paid an hourly rate all hours worked.

24. The employment agreement required Plaintiffs to work extra hours in the event of unforeseen events and emergency circumstances.

25. Plaintiffs regularly worked "extra" hours. Plaintiffs were not compensated for working beyond 37 ½ hours. Thus, Plaintiffs often worked without receiving any compensation.

26. Plaintiffs routinely worked over seventy-five (75) hours a week; yet Plaintiffs were not compensated for the hours they worked beyond (37 ½) in a work week.

27. Plaintiffs' time sheets were completed by an administrative assistant in the Coroner's office. Plaintiffs did not complete, sign or approve their own time sheets.

28. Upon information and belief, Plaintiffs' time sheet always reflected that Plaintiffs worked exactly 37 ½ hours a week, regardless of how many hours Plaintiffs

4

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

actually worked. Thus, Plaintiffs were not paid when they worked more than 37 ½ in a work week.

29. The Defendants violated Plaintiffs' employment agreement and the South Carolina Payment of Wages Act by not compensating Plaintiffs for the hours they worked beyond 37 ½ in a work week.

30. The Defendants knowingly kept inaccurate records of the hours Plaintiffs worked. The Defendants were fully aware that Plaintiffs were working more than 37 ½ in a work week and not being paid.

31. Plaintiffs schedule was a rotational on-call scheduled to include after-hours holidays and weekends due to the nature of the position.

32. Plaintiffs were scheduled for forty-eight (48) hour shifts then they would have four (4) days off and were scheduled for another 48-hour shift.

33. Plaintiffs were responsible for performing death investigations of all suspicious and violent deaths, emergency room deaths, traumatic deaths, hospice deaths, military deaths, deaths involving abuse of the deceased, as well as all deaths that occur less than 24 hours after hospital admittance.

34. Plaintiffs were required to respond to all deaths with the exceptions of hospice deaths, as those deaths could be handled without a Deputy Coroner being physically present at the scene.

35. Plaintiffs were responsible for drawing fluids sending the results to SLED for testing.

36. Plaintiffs were responsible to locate and notify family members of the death as well as informing them about the circumstances of the death.

5

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

37.     Plaintiffs were responsible for preserving evidence at the crime scene and for utilizing medical and law enforcement personnel to determine the cause of death.

38.     Plaintiffs were required to determine if the death was natural, accidental, homicide, or other causes.

39.     Plaintiffs were responsible for making a recommendation to the Coroner about whether an autopsy should be performed.

40.     Plaintiffs were responsible for a copious amount of paperwork such as: the death certificate, coroner's intake form, witness statements, autopsy order, property sheet, burial removal permits, and cremation letters.

41.     Plaintiffs were also responsible for obtaining medical records, subpoenaing records, and working with funeral homes.

42.     Plaintiffs were responsible for assisting relatives of the deceased regarding payment of insurance policies, and burial benefits.

43.     Plaintiffs also worked closely with the County's Emergency Preparedness team in the case of natural disasters and as is the current situation, in the case of a pandemic.

44.     Over the last several years, Plaintiffs' job had become unsustainable due the short staff and number of deaths in the community.  This is due in large part to a surge of the population growth in the County as well new hospitals, hospice centers and the rise in violent crime.  Plaintiffs could handle as many as 10 to 20 deaths per 48-hour shift.

45.     Plaintiffs were extremely short staff in that there were only three Deputy Coroners for the entire County. To date the Defendants solution to this problem has been to engage in wage theft by requiring the Deputy Coroners to work long hours with no pay.

6

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

46. Plaintiffs prided themselves on the job they performed, they took their responsibility seriously and treated the decedents' family members like they would want their own family treated in the case of an unexpected death. Unfortunately, Plaintiffs were unable to sustain long hours without pay; accordingly, the County has lost good and dedicated public servants.

47. It was not unusual for Plaintiffs to work over twenty fours without any sleep.

48. Plaintiffs, rarely if ever, had a "day-off." On their "days off" Plaintiffs handled matters such as completing paperwork, obtaining autopsy results, updating reports, taking calls from family members, releasing bodies to the funeral home and returning property to family members.

49. The nature of the above activities restricted the Plaintiffs from engaging in normal personal activities that would be a part of time off from work.

50. Plaintiffs performed the above duties on their "days off" with Defendants' full knowledge. The Defendants knowingly benefited from Plaintiffs' work and did not pay Plaintiffs for their time worked.

51. The Defendants had a policy whereby the Plaintiffs were to be paid for all their unused paid time off (pto) in their final paycheck.

52. The Defendants had a policy whereby the Plaintiffs accrued pto based upon the hours they worked.

53. Yet Defendants violated their own policy by only allowing Plaintiffs accrued hour based upon the hours Defendants reported that Plaintiff worked not the actual hours that Plaintiffs worked.

7

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

54. The Defendants violated these policies by not compensated Plaintiffs for all the pto they accrued. Defendants did not pay Plaintiffs for all their unused pto in their final paycheck.

55. Plaintiffs complained to Defendants and asked to be paid for all the hours they worked. Despite their complaints, the Defendants knowingly engaged in wage theft by only paying Plaintiffs for 37 ½ hours a week when they were aware that Plaintiffs worked well over 37 ½ hours. Accordingly, Plaintiffs had no other option to obtain their unpaid wages other than to retain an attorney and file this action.

56. Moreover, Plaintiffs were one of the lowest paid public servants in Berkeley County. The Berkeley County list of wages over $50,000 includes electricians, mechanics librarians and paramedics yet Plaintiffs are not included on this list.[1]

57. Defendants have acted intentionally and in bad faith by not compensating Plaintiffs for the hours they worked. Plaintiffs are entitled to attorney's fees and treble damages. The withholding of Plaintiffs wages was unreasonable and there was no good faith dispute.

### Joint Employers

58. The Coroner and the County share responsibility regarding Plaintiffs.

59. Both entities have influence over the terms and conditions of Plaintiffs' employment.

60. The County provides the facilities, vehicles, equipment and financing to Coroner so that he can manage and operate the Coroners' office

---

[1] The Chief Deputy Coroner is on this list; however, no Deputy Coroners are on the list.

8

61. Plaintiffs are paid by the County. Plaintiffs' receive employment benefits such as health, dental vision, annual and sick leave from the County.

62. The County requires Plaintiffs to take random drug tests.

63. Plaintiffs were required to attend new employee orientation which was organized by the County.

64. The County provided Plaintiffs with vehicles, gas card and cell phone when they were employed with the Coroner.

## FIRST CAUSE OF ACTION
(Violations of the South Carolina Payment of Wages Act)

65. Plaintiffs incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

66. Each Defendant is an "employer" as defined by S.C. Code § 41-10-10(1).

67. Defendant employs Plaintiffs within the State of South Carolina.

68. Defendants failed to pay "wages," as defined by S.C. Code §41-10-10(2), and pursuant to Plaintiffs' employment agreement.

69. S.C. Code §41-10-10(2) defines "wages" as all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract.

70. The Defendants violated the Plaintiffs employment agreement by not paying them for their labor.

71. Plaintiffs are owed wages pursuant to the South Carolina Payment of Wages Act because the Defendants did not pay Plaintiffs their wages due per their employment agreement.

72. Defendant have refused to pay Plaintiffs wages due, as required by S.C. Code §41-10-40 and -50.

73. Pursuant to S.C. Code §41-10-80(C), Plaintiffs are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

### FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

74. Plaintiffs incorporate by reference all preceding paragraphs as if they were set forth herein verbatim

75. Plaintiffs entered contract of employment with the County and the Coroner in which the Defendants agreed to pay Plaintiffs for all time worked.

76. Contrary to this contract Plaintiffs failed to receive proper pay for all the hours whey worked for the Defendants.

77. As a result, Defendants breach of contract with Plaintiffs, Plaintiff are entitled to pay for the amount of time worked and not paid. interest on that amount and any further damages the breach of contract caused.

78. Plaintiffs had an employment contract where they promised to pay Plaintiffs for all hours worked.

79. Defendants violated the parties' employment contract by not paying Plaintiffs for all hours worked.

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

80.     The foregoing acts and omissions of Defendants constitute a breach of Defendants' policies and the contract based upon those policies. This breach proximately caused actual damages to the Plaintiffs including the loss of wages.

### FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment)

81.     Plaintiffs incorporate by reference all preceding paragraphs as if they were set forth herein verbatim

82.     The Defendants have received the benefit of hundreds, if not thousands, of hours worked by Plaintiffs and other Deputy Coroners for which it has not paid any compensation.

83.     To the extent that no adequate remedy at law prevents this unjust enrichment, this Court is vested with the jurisdiction and ability to afford equitable relief to prevent Defendants from achieving such an unjust gain.

84.     The unjust enrichment has come at the expense and deprivation of the Plaintiffs.

85.     As a result, Plaintiffs are entitled to damages in the amount of the unjust benefits to the Defendants

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks judgment against the Defendants as follows:

a. Declaratory Judgement against both Defendants finding they violated South Carolina Payment of Wages Act;

11

ELECTRONICALLY FILED - 2020 Oct 12 2:29 PM - BERKELEY - COMMON PLEAS - CASE#2020CP0802254

b. A Court Order for Injunctive relief, requiring the Defendants to pay Deputy Coroners for all hours worked pursuant to the South Carolina Payment of Wages Act;

c. An award to Plaintiffs of their unpaid wages; pursuant to the South Carolina Payment of Wages Act; and

d. An award of treble damages pursuant to the South Carolina Payment of Wages Act;

e. An award of post judgement and pre-judgement interest.

f. An award of compensatory damages pursuant to Plaintiffs Breach Contract and Unjust Enrichment claim; and

g. An award of the reasonable attorneys' fees and costs incurred by Plaintiffs in bringing this action pursuant to the South Carolina Payment of Wages Act; and

h. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiffs hereby demands a trial by jury.

Respectfully submitted,

s/Marybeth Mullaney
Marybeth Mullaney (S.C. Bar #6685)
Mullaney Law
652 Rutledge Ave Suite A
Charleston, SC 29403
 P: (843) 588-5587
marybeth@mullaneylaw.net

*Attorney for Plaintiffs*

October 12, 2020
Mount Pleasant, South Carolina.