UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kristin Mazzell, Sharon Shuler, and George Winningham, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>George Oliver Berkeley County Coroner, and Berkeley County,<br><br>Defendants. | Case No.: 2:20-cv-03937-DCN<br><br><br><br>**ORDER APPROVING**<br>**FLSA SETTLEMENT** |

    This matter is before the Court on the parties' joint motion to approve a settlement agreement and to dismiss the lawsuit. Plaintiffs Kristin Mazzell ("Mazzell"), Sharon Shuler ("Shuler") and George Winningham ("Winningham"), and single opt-in Misty Roscoe ("Roscoe") (collectively, "Plaintiffs"), are former Deputy Coroners and served as Deputy Coroners for the elected Berkeley County Coroner. Plaintiffs allege they were misclassified as exempt from FLSA overtime requirements and sued for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs also asserted violations of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq*.

## BACKGROUND

    Plaintiffs are former Deputy Coroners in the Berkeley County Coroner's Office, who served as Deputy Coroners of for former Defendant George Oliver, Berkeley County Coroner ("Oliver"). In general, Plaintiffs allege they were jointly employed by Oliver and Defendant Berkeley County (the "County") and misclassified as exempt from the overtime requirements of the FLSA.

1

The County denies it employed Plaintiffs, including an allegation it jointly employed Plaintiffs with Oliver. Moreover, even if the County was Plaintiffs employer or joint employer, which the County denies, the County denies Plaintiffs meet the FLSA definition of "employee," that Plaintiffs were misclassified as exempt under the FLSA, that Plaintiffs worked compensable overtime, and, if Plaintiffs worked overtime, the amount of overtime Plaintiffs worked.

Oliver is the Berkeley County Coroner, an elected, state, constitutional officer. Oliver, as an arm of the state, asserted he is not amenable to suit under the doctrine of sovereign immunity and the 11th Amendment to the U.S. Constitution. In addition, Oliver denied Plaintiffs' allegation they were misclassified as exempt under the FLSA. Plaintiffs previously dismissed their claims against Oliver.

The nature of Plaintiffs' claims, that they were employed by the County, were "employees" under the FLSA, were misclassified as exempt from the overtime requirements of the FLSA, and worked overtime, do not lend themselves to a definitive determination as to the fact of whether Plaintiffs were entitled to overtime payment or amount of such overtime payment. Plaintiffs and the County vigorously dispute liability, and damages, in various respects.

The proposed settlement will pay Plaintiffs a compromised amount for overtime Plaintiffs allege they are owed. In addition, the settlement will pay Plaintiffs' costs, attorney's fees and pay Plaintiffs liquidated damages.

**ANALYSIS**

The Court may approve a settlement agreement under the FLSA when there is a *bona fide* dispute over wages owed or liability and the compromise is reasonable. *See e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54) (11th Cir. 1982). In this case, the proposed settlement represents a reasonable compromise payment of alleged overtime worked by Plaintiffs.

In addition to back wages, Plaintiffs will receive an equal amount in liquidated damages and their costs and attorney's fees. Liability and the amount of wages that would be due in the event of liability are legitimately contested as provided in the parties' joint motion. Accordingly, the Court finds the settlement agreement is a reasonable compromise of a *bona fide* dispute over wages owed.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the parties' joint motion to approve the settlement as contained in the settlement agreement filed with the Court is **GRANTED.** Having disposed of the controversy, the parties also request dismissal of the matter with prejudice. That request is **GRANTED**, and it is **ORDERED** the action is dismissed without prejudice for 60 days during which the parties will complete the settlement by payment of the amounts contemplated in the settlement agreement. It is further **ORDERED** that after 60 days if no party has moved to reopen the matter, it is dismissed with prejudice.

**AND IT IS SO ORDERED.**

David C. Norton
United States District Judge

January 18, 2023
Charleston, South Carolina

3